IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-03250-CV-S-MDH |
| | ) | |
| ERIC B. KLASE, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Before the Court is Defendant's pro se Motion "to end supervision under conditional release." (Doc. 31.) In his Motion, Defendant states he was "released over a year ago," has been "living independently in a private home," "getting [his] shots each month and seeing Ori Amiri at Life Management in Panama City, Florida as required." *Id.* He further states that he has "been working with supervising probation officer Shea Stallings and ha[s] been in full compliance with supervision." *Id.* Therefore, he "wishes to end conditional release program because . . . the[re] is no reason to supervise [him]" since he has not had any psychological issues since his release on June 24, 2021. *Id.* This action has been referred to the undersigned for processing and handling. The undersigned construes this Motion as a request for unconditional release. Upon review, it is **RECOMMENDED** that the Motion be **DENIED** without prejudice as unauthorized by law.

On February 23, 2017, Defendant was civilly committed to the custody of the Attorney General under 18 U.S.C. § 4246. (Doc. 11.) On June 1, 2021, the Court ordered his conditional release pursuant to Section 4246(e)(2) under the supervision of the U.S. Probation Office and subject to several explicit conditions of release. (Doc. 30.) On July 11, 2022, Defendant filed the instant Motion, stating that he has complied with his conditional release conditions for over a year and does not require supervision.

Although Defendant has been conditionally released, he remains civilly committed under 18 U.S.C. § 4246. As a result, he may not personally file a motion for a hearing to determine whether he should be discharged. *United States v. O'Laughlin*, 934 F.3d 840, 841 (8th Cir. 2019) (Section 4247(h) requires that "motions for release from civil commitment be filed by an attorney or legal guardian for the committed person"), *cert. denied*, 140 S.Ct. 2535 (Mar. 23, 2020). Here, the motion is signed by Defendant only, and not filed by his attorney or legal guardian. Notably, an attorney has been appointed to represent Defendant in this action, but the attorney has neither adopted nor endorsed the Motion. Thus, the Motion remains filed *pro se* and as a result, is unauthorized by law. Defendant's counsel may file a motion requesting unconditional release on Defendant's behalf, if he deems it appropriate.

Accordingly, it is **RECOMMENDED** that Defendant's *pro se* Motion (doc. 31) be **DENIED** without prejudice.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 26, 2022